IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| NORMA B. FELDER, | § | |
| | § | Civil Action No. 3:05-CV-1067-L |
| Judgment Defendant, | § | |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| | § | |
| Garnishee. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Bank of America's Motion for Attorneys' Fees and Brief in Support thereof, filed October 27, 2005, and Defendant's Motion for Mike Felder to Pay ½ of Restitution and be Charged Equal as Co-Defendant, filed October 27, 2005.  Having considered the motions, response, reply and objection,[1] the court **denies** Bank of America's Motion for Attorneys' Fees and **denies** Defendant's Motion for Mike Felder to Pay ½ of Restitution and be Charged Equal as Co-Defendant.

## I.     Relevant Factual Background and Procedural History

On November 19, 2004, Judge Jerry Buchmeyer sentenced Norma B. Felder, Judgment Defendant in this civil action ("Felder" or "Judgment Defendant"), to a term of 34-months imprisonment followed by a five-year term of supervised release based on her July 12, 2004 guilty

---

[1]The United States filed a response to Bank of America Motion for Attorney's fees and objections to Defendant's Motion for Mike Felder to Pay ½ of Restitution and be Charged Equal as Co-Defendant.  Bank of America filed a reply to the United States's response.

**Memorandum Opinion and Order - Page 1**

plea to Count I of an Information charging her with bank fraud in violation of 18 U.S.C. § 1344. *See United States v. Norma Bell Felder*, 3:04-CR-222-R(01).  As part of Felder's sentence, Judge Buchmeyer ordered Felder to pay restitution in the amount of $626,764.38 pursuant to the Mandatory Victim Restitution Act of 1996, 18 U.S.C. § 3663A.   The amount and interest accrued thereon are outstanding.

In pursuit of collecting the restitution amount, the United States filed this action and submitted an Application for Writ of Garnishment under 18 U.S.C. § 3613 and 28 U.S.C. § 3205 on May 24, 2005.  On May 27, 2005, the court issued a Writ of Garnishment on Garnishee Bank of America, N.A. ("Garnishee" or "Bank of America").  On August 8, 2005, Bank of America filed an Answer to Writ of Garnishment in which it sought its attorney's fees.   The United States opposed the attorney's fees request.  The court directed Bank of America to file a motion for its attorney's fees which complied with Local Rule 7.1.

## II.   Analysis

### A.      Bank of America's Motion for Attorneys' Fees

Garnishee has filed a motion, requesting an award of its reasonable attorney's fees and costs, in the total amount of $950, incurred in responding to the United States's Writ of Garnishment.  In support, Bank of America relies upon Texas Rule of Civil Procedure 677, which provides that "[w]here the garnishee is discharged upon his answer, the costs of the proceeding, including a reasonable compensation to the garnishee, shall be taxed against the plaintiff[.]" *See* Mot. at 2-3. Bank of America further contends that it makes no difference to its recovery that the United States is the garnishor.  *See* Reply at 1.  The United States argues that Bank of America's request should be denied, as the United States has a senior tax-type lien on all property and rights to property of

**Memorandum Opinion and Order - Page 2**

Judgment Debtor Felder based on Judge Buchmeyer's restitution order, and any award of attorney's fees and costs should be denied, as it would necessarily be paid out of the Judgment Debtor's property impressed with the federal tax-like lien.  The court agrees with the United States.

Title 18 U.S.C. § 3613(c) provides in relevant part:

> Lien.– A fine imposed pursuant to . . . an order of restitution made pursuant to section . . . 3663A . . . of this title, is a *lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986.*  The lien arises on the entry of judgment and continues for 20 years or until the liability is satisfied, remitted, set aside, or terminated[.]

18 U.S.C. § 3613(c) (emphasis added).  Although there is a dearth of case law directly on point and the briefing is not particularly illuminating, the United States has cited to *United States v. Liverpool & London & Globe Ins. Co.*, 348 U.S. 215, 216 (1955), where the Supreme Court reversed the Fifth Circuit, which had affirmed the district court's award of attorney's fees in favor of a garnishee, as the garnishment lien (and any fees allowed in the garnishment proceeding) was not prior to the Government's lien.  Moreover, although not in a garnishment proceeding, the Fifth Circuit has upheld the supremacy of the federal tax lien award in the context of a stakeholder of an interpleaded fund seeking his attorney's fees.  *See Spinks v. Jones,* 499 F.2d 339, 340 (5th Cir.1974) (citing *United States v. R. F. Ball Construction Co.*, 355 U.S. 587 (1958)):

> The stakeholder of an interpleaded fund is not entitled to attorney's fees to the extent that they are payable out of a part of the fund impressed with a federal tax lien. [citations omitted] . . . The judicial prerogative to award stakeholders their attorney's fees must give way to the supremacy of the federal tax lien law whenever an award would invade the amount subject to tax lien . . . The portion of an interpleaded fund that is subject to a Government tax lien cannot be reduced by an award of attorney's fees to the stakeholder for bringing the interpleader action.

In this case, the United States has a tax-type lien on all property title and rights to property of Judgment Debtor Felder stemming from Judge Buchmeyer's restitution order.  *See generally* 18 U.S.C. § 3613(c) .  In addition, any amount of attorney's fees and costs awarded Bank of America would reduce the amount which could ultimately be recovered by the United States.[2]  Under the reasoning of *Spinks*, *supra*, and *Liverpool & London & Globe Ins. Co.*, *supra*, the Court determines that Bank of America's Motion for Attorneys' Fees should be denied.

> **B.      Defendant's Motion for Mike Felder to Pay ½ of Restitution and be Charged Equal as Co-Defendant**

Judgment Debtor Felder has requested that the court modify the order of restitution imposed by Judge Buchmeyer in *United States v. Norma Bell Felder*, 3:04-CR-222-R(01), which included an order that Felder pay restitution in the amount of $626,764.38. *See* November 22, 2004 Judgment at 4-5.  Specifically, Judgment Debtor Felder requested that the court modify the restitution order so that Mike Felder would be responsible for one-half of the amount.  This the court cannot do.  Pursuant to 18 U.S.C. § 3573, a request to modify must be filed in the "court in which sentence was originally imposed, unless the case has been transferred."  Judge Buchmeyer sentenced Felder, and the case has not been transferred.  Accordingly, the court denies Felder's Motion for Mike Felder to Pay ½ of Restitution and be Charged Equal as Co-Defendant.

---

[2]Bank of America's argument that its fees and costs would not be paid by the United States, but from the Judgment Debtor, is not persuasive.  As Bank of America admits, if the court were to award it attorney's fees and costs, it would recover its award first, "with any remaining funds being used to satisfy the judgment by the plaintiff, the United States."  Reply at 3.  Allowing this "off-the-top" payment to Bank of America would contravene the principles enunciated in *Spinks*, *supra*, and *Liverpool & London & Globe Ins. Co.*, *supra*, namely that a federal tax lien takes supremacy over such an award where the award would invade the amount of the subject lien.

**Memorandum Opinion and Order - Page 4**

**III.    Conclusion**

For the reasons stated herein, the court **denies** Bank of America's Motion for Attorneys' Fees

and **denies** Defendant's Motion for Mike Felder to Pay ½ of Restitution and be Charged Equal as

Co-Defendant.

**It is so ordered** this 15th day of May, 2006.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order - Page 5**